## BAKER *et al.,* administrators, *vs.* NICHOLLS.

After verdict, a motion for new trial was made. The brief of evidence did not set out copies of the documentary evidence, consisting of deeds, notes, etc., but gave an abbreviated statement of them, containing names, dates, amounts, etc. There was no agreement of counsel as to the brief of evidence, but it was approved by the presiding judge. The error assigned in the bill of exceptions was the overruling of the motion:

*Held,* that the writ of error must be dismissed, on motion. Unless abbreviated by agreement, a brief of the oral and copy of the written testimony must be before this court, in the bill of exceptions, or properly exhibited thereto and identified, or in the brief of evidence accompanying a motion for new trial, and referred to in the bill of exceptions.

Writ of error dismissed.

January 10, 1884.

## DAY *vs.* CASE *et al.*

Where there was no evidence tending to show that a grant was spurious or forged, it was error to submit that question to the jury, although counsel for defendant argued the point. 26 *Ga.,* 56. Judgment reversed.

November 20, 1883.

HALL, Justice.

## McMILLAN *et al. vs.* DAVIS.

Where no motion for a new trial is made, and a case is brought to this court by direct exception, a brief of the oral and a copy of the written testimony should be embodied in the bill of exceptions, or exhibited thereto and properly identified. It is not sufficient to state in the bill of exceptions that certain deeds were introduced in evidence, giving the names of the grantors and grantees, dates, and attesting witnesses, and stating that the deeds covered the premises in dispute. It is a copy, not an abbreviation of the written evidence which the rule of court requires; and a plaintiff in error cannot, by an *ex parte* abbreviation, claim a compliance with the law. Rule 10 of Supreme Court, (Code, 1882, p. 1357); 41 *Ga.,* 420; 64 *Ib.,* 668; 61 *Ib.,* 492, 495; 63 *Ib.,* 345; 58 *Ib.,* 439.

Writ of error dismissed.

September 29, 1883.